## CUYAHOGA IMPROVEMENT CO et v MOORE

Ohio Appeals, 8th Dist, Cuyahoga Co
Nos 10244-5-6-7-8. Decided Dec. 23, 1929

Gentsch & Lang, Cleveland, for Improvement Co.
Ben H. Davis, Cleveland, for Moore.

LEMERT, PJ and SHERICK, J (5th Dist) sitting.

SHERICK, J.

There is no question in any of these cases but that the surety company was properly notified as provided by the covenant of the bond. The action begun on June 30th, 1927, was uncontested and a default judgment was entered in the Court of Common Pleas of Cuyahoga County which judgment was thereafter paid.

The five suits before this court are each in like tenor and effect and are suits for successive quarterly installments of rentals under the terms of the lease.

It has developed that the Improvement

Company is now insolvent. Both companies, however, answered to this action and the question involved is raised by the answer of the defendant Casualty Company and the plaintiff's reply thereto.

It is contended by the Indemnifying Company that the prior action brought by the plaintiff as against the two companies is a bar to the plaintiff's claims now before this court in these five cases, by reason of the fact that the contract existing between the parties was fully and completely breached on the 21st day of April, 1927, and that the lessor had no right in law to split her cause or causes of action, and that she was bound under the law to state her full claim as against these defendants in the action in which default was rendered.

We are not able to appreciate the contention of the plaintiff in error in these cases, for we believe that it is well settled in this State that the actions of the plaintiff lessor were perfectly proper under the prior authorities in this State.

The case of **Strangward vs. The American Brass Bedstead Company, 82 OS. 121,** expressly holds that a recovery of monthly installments of rent, that being all that was due at the time the action was commenced, and such was so in the action upon which default was had, is not a bar to recovery for the future installments subsequently coming due under the terms of the lease.

This case has recently been approved and followed in two cases arising in this County, one being that of **Yerman vs. Boccia, 6 Abstract, 218,** and the case of **Gusman vs. Mathews, 29 OA. 402.** This last case was considered by the Supreme Court of this State upon a motion to certify, and on June 5th, 1928, the motion to certify was overruled.

We, therefore, recognize that the Supreme Court approved of the Strangward case and the doctrine therein announced, and such is now the law of Ohio. The Gusman case is directly in point with the case at bar, and there is but one feature in the cases before this court which does not seem to have been at issue therein.

The companies strongly insist that the fact that the lessor, in the suit upon which default was entered, sued for the recovery of taxes then due and by her paid, and for the cost of insurance which the lessor was compelled to take out for the protection of her property, precludes the plaintiff lessor, because other and further sums than rent was sued for. We see no merit to this contention. The lease explicitly provides that the quarterly installments should not only be paid at the time specified, but that the lessee should pay the taxes and keep the property insured, which was just as essential to be paid as were the quarterly installments of rentals, and from the excerpt previously quoted from the bond in question in this instance the Casualty Company covenanted that these very things would be done by the lessee.

Finding no other error in the record it is the judgment of this court, therefore, that the judgment of the trial court in each of the five cases herein consolidated be and the same is hereby affirmed. Exceptions.

Lemert, PJ., concurs. Houck, J., not participating.