GENERAL DEVELOPMENT CORP., APPELLEE, *v.* WILBUR-ROGERS ATLANTA CORP., APPELLANT.

(No. 11387—Decided May 24, 1971.)

*Messrs. Dinsmore, Shohl, Coates & Deupree,* for appellee.

*Mr. Howard Gould, Mr. David Reichert* and *Mr. Stephen D. Strauss,* for appellant.

YOUNG, J. This is an appeal from a judgment granted the plaintff in the Common Pleas Court of Hamlton County for damages arising from a failure of the defendant to comply with a lease agreement with the plaintiff.

Plaintiff, appellee herein, was the developer and owner of the Swifton Shopping Center and will be hereinafter referred to as the lessor. Defendant, appellant herein, was one of a chain of retail ladies' ready-to-wear stores and will be hereinafter referred to as the lessee.

The pertinent facts are as follows. On September 23, 1955, the parties entered into a written lease for a storeroom in the Swifton Shopping Center. The lease would expire January 31, 1977. Compensation included rental which was on an annual basis and payable in monthly installments, plus a volume override on a percentage basis. The

lessee commenced occupancy in October 1956, and vacated the premises in November 1962.

The lessee claimed that the lessor breached the lease by failing to comply with several of the terms of the lease relating to the physical maintenance of the premises and by improperly leasing or permitting the subleasing of stores in the shopping center to national chain tenants selling merchandise in the same price range as the lessee and preventing lessee from meeting the discount prices of its competitors.

On August 20, 1963, the lessor re-let the premises to the Lerner Shops at a rental less than that paid by the lessee, plus a volume override on a percentage basis.

The lessor brought suit for damages resulting from the lessee's vacating of the premises, seeking judgment for the total rental from the time of the vacating of the premises to the expiration of the term of the lease, or a total of $199,903.38, and interest.

The lessee answered and also filed a cross-petition in which it was claimed that the lessor breached the terms of the lease and sought damages in the sum of $250,000.

The case was tried to the court. Judgment was awarded to the plaintiff-lessor in the sum of $157,136.38 against the defendant-lessee and the court found against the defendant and for the plaintiff on the cross-petition.

The lessee urges five assignments of error, all of which are general in nature and will be treated as a group.

The trial court was confronted with evidence as to the condition of the premises at the time the lessee took possession and during the occupancy of the lessee, and from this evidence concluded that there was not such a constructive breach of the terms of the lease as to give the lessee the right to vacate the premises and to be relieved of further payments therefor.

This court does not find any gross abuse of discretion by the trial court in making this determination and, therefore, plaintiff was entitled to a judgment in its favor.

However, the trial court computed the amount due the plaintiff from the time of the vacation to the end of

,the term of the lease. The lease agreement between the parties did not contain any provision for the acceleration of the payment of rent, but it did make specific provision, in article XIII, as to the options of the lessor upon a breach of the terms thereof.

The case of *Golde* v. *Golde, Inc.*, 29 N. P. (N. S.) 419 is still unreversed in the state of Ohio and states, at page 429, the following:

"The legal view of rent still is that its existence begins as it accrues and that prior to its accrual it has no status in the law. Prior to that it is a part of the land itself from which it evolves as it accrues and then and only then has it a separate existence. The Court therefore reaches the conclusion that in the absence of a provision in the lease modifying the rights of the parties, rent to accrue in the future is not a claim susceptible of liquidation by any means known to the law so as to make it a provable claim against the estate of the lessee in the process of judicial administration."

There are a number of cases in Ohio which stand for the proposition set out in *Strangward* v. *American Brass Bedstead Co.*, 82 Ohio St. 121, at paragraph 4 of the syllabus, that: "A recovery for a monthly instalment of rent, that being all that was due at the time action was commenced, is not a bar to recovery for instalments subsequently coming due upon the lease." *Cuyahoga Improvement Co.* v. *Moore*, 41 Ohio App. 30; *Gusman* v. *Mathews*, 29 Ohio App. 402; *Baker* v. *Connor*, 29 C. C. 711, 2 L. R. 468, *affirmed* 74 Ohio St. 430; *Herman Lackman Brewing Co.* v. *Payne*, 21 N. P. (N. S.) 203; and *Eden Realty Co.* v. *Weather-Seal Inc.*, 102 Ohio App. 219, 2 O. O. 2d 238.

In *Hermitage Co.* v. *Levine*, 248 N. Y. 333. 162 N. E. 97, Justice Cardozo dealt with a similar situation and at page 338 in his decision stated as follows: "* * * [I]n the absence of a provision that points with reasonable clearness to a different construction, a liability for damages resulting from a reletting is single and entire, not multiple and several. The deficiency is to be ascertained when the term is at an end." He further stated at 338;

"We do not overlook the hardship to the landlord in postponing the cause of action until October, 1945. The hardship is so great as to give force to the argument that postponement to a date so distant may not reasonably be held to have been intended by the parties. * * * If the damage clause as drawn gives inadequate protection, the fault is with the draftsman."

The evidence in this case is that there was an annual difference of $9,500 between the minimum rent of Lerner and that of the appellant. However, in the year 1967 Lerner paid $1,822.08 as additional rent by virtue of the percentage override provision of its lease. One witness for the lessor admitted that the lessor expected that the amount to be received from Lerner under this override provision might offset the rent which would have been paid by the lessee had it continued in possession.

Counsel for the lessee urge that the trial court should have discounted the amount of the judgment. This would only be true if it were proper to find that the total difference between the rental fixed in the first and second leases was due at the time of trial.

We find that in the absence of an acceleration provision in the lease agreement, the rent was due on an annual basis, payable in monthly installments in accordance with the terms of the lease and that the damages due from a breach of the lease, particularly where such damages are being mitigated by the payment of rent by a subsequent lessee, and an additional rental by way of a percentage override, may only be ascertained as they accrue, which in this instance could not be more frequently than on an annual basis.

The judgment of the Court of Common Pleas as to the rent which had accrued at the time this action was brought is affirmed, but its determination of any amount due thereafter is reversed and this cause is remanded for further proceedings according to law and consistent with this decision.

*Judgment affirmed in part and reversed in part.*

HESS, P. J., and SHANNON, J., concur.