Appellee, Dennis Campbell, and appellant, Daniel Parrott, were co-owners of appellant, SSR, Inc. On November 17, 1998, the parties executed an agreement whereby appellee sold his share of the company to appellant for $18,000. The amount was payable in four installments, due on December 1, 1998, December 1, 1999, December 1, 2000 and December 1, 2001. The first payment of $5,000 was paid on December 1, 1998. The second payment of $5,000 was not paid. On January 27, 2000, appellee filed a complaint against appellants for monies due and owing. Appellee filed an amended complaint on May 18, 2000. On May 31, 2000, appellants filed an answer and counterclaim. On same date, appellant Parrott filed a motion for judgment on the pleadings or in the alternative, for summary judgment. On June 26, 2000, appellee filed a similar motion. By judgment entry filed September 5, 2000, the trial court granted appellee's motion, finding in favor of appellee in the amount of $13,000 as against appellants. The trial court dismissed appellants' counterclaim with prejudice. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT FOR PLAINTIFF/APPELLEE FOR THE SUM OF $13,000 PLUS INTEREST FROM THE DATE OF JUDGMENT AND COSTS, BECAUSE THE WRITTEN AGREEMENT BETWEEN THE PARTIES CONTAINED NO ACCELERATION CLAUSE, AND THE EVIDENCE BEFORE THE COURT WAS THAT ONLY ONE OF FOUR INSTALLMENT PAYMENTS HAD NOT BEEN MADE TO PLAINTIFF/APPELLEE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD DEFENDANT/APPELLANT DAN PARROTT PERSONALLY LIABLE, JOINTLY AND SEVERALLY, WITH DEFENDANT/APPELLANT SSR, INC., WHEN THE AGREEMENT BETWEEN THE PARTIES SPECIFIED THAT ONLY DEFENDANT/APPELLANT SSR, INC., WAS OBLIGATED TO PAY ANY SUM TO PLAINTIFF/APPELLEE.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT THE MOTION OF DEFENDANT/APPELLANT DAN PARROTT TO BE DISMISSED AS A DEFENDANT IN THIS ACTION.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE COUNTERCLAIM OF DEFENDANTS/APPELLANTS.
 V. THE DECISIONS OF THE TRIAL COURT AGAINST DEFENDANTS/APPELLANTS ARE UNSUPPORTED BY THE EVIDENCE WHEN, AS REQUIRED, SUCH EVIDENCE IS CONSTRUED MOST STRONGLY IN FAVOR OF DEFENDANTS/APPELLANTS.
 I, II, III, V
Appellants claim the trial court erred in granting summary judgment to appellee in the amount of $13,000 and in finding appellants jointly and severally liable. We agree in part. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472,364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35 . Upon review of the pleadings and affidavit of appellee, we find no dispute that as of December 1, 1999, $5,000 was due and owing to appellee and said amount was not paid. However, the agreement (as attached to the amended complaint) states in relevant part as follows:
 This Agreement dated upon the date signed below, is by and between Denny Campbell ("Seller") and SSR, Inc., and Ohio Corporation ("Buyer"), and Dan Parrott.
* * *
 2. Buyer's Monetary Consideration. In consideration for Seller's transfer to Buyer, Buyer shall pay to Seller the sum of eighteen Thousand Dollars ($18,000). Said sum shall be paid as follows:
 a. Five Thousand Dollars ($5,000) paid to Seller prior to December 1, 1998. b. Five Thousand Dollars ($5,000) paid to Seller prior to December 1, 1999. c. Five Thousand Dollars ($5,000) paid to Seller prior to December 1, 2000. d. Three Thousand Dollars ($3,000) paid to Seller prior to December 1, 2001.
From the four corners of the agreement, the only party liable for the payment of the $5,000 installments is the "Buyer," appellant SSR, Inc. Although appellant Parrott signed the agreement in both his corporate and individual capacity, the payment of the December 1, 1999 installment rested solely upon appellant SSR, Inc. In granting summary judgment to appellee, the trial court accelerated all installment payments under the agreement finding that there was a material breach of contract. In Humitsch v. Collier (December 29, 2000), Lake App. No. 99-L-099, unreported, our brethren from the Eleventh District reviewed a breach of an installment contract without an acceleration clause and held the following: All of the case law we have found regarding loans repayable in installments indicates that the general rule is that each default in payment may give rise to a separate cause of action, Eden Realty Co. v. Weather Seal, Inc. (1957), 102 Ohio App. 219, 224, and breach of an installment payment contract by nonpayment is not a total breach of contract. General Dev. Corp. v. Wilber Rogers Atlanta Corp. (1971),28 Ohio App.2d 35. Parties can avoid the operation of this rule by inclusion of a so-called acceleration clause in their agreement. Buckeye Fed. S L Assn v. Olentangy Motel (Aug. 22, 1991), Franklin App. No. 90AP-1409, unreported. The parties in the case at bar did not include an acceleration clause in their agreement, which by all accounts was very informal. Therefore, the trial court erred by rendering judgment for the full amount of the contract rather than just the unpaid installments that were past due.
The agreement sub judice did not contain an acceleration clause. While we find the failure to make an installment payment was a material breach of the contract, we find acceleration of the total amount due was inappropriate. We conclude the trial court erred in granting judgment to appellee for the full amount of $13,000. The only installment payment not paid at the time of the filing of the complaint was the December 1, 1999 payment for $5,000. Based upon the reasoning in Humitsch and the discussion supra, appellee is entitled to $5,000 as against appellant SSR, Inc. only. Appellant Parrott is clearly not responsible for the installment payments. Appellee also alleged a breach of paragraph four of the agreement which states as follows: Indemnification of Seller for Prior Liabilities. All parties of this agreement shall release Denny Campbell from liability from any debt or obligation of SSR, Inc. or shared with the corporation and forever hold him harmless and indemnify him for any liability flowing therefrom.
Within eighty-five days of the execution of this agreement, all parties of this agreement will use their best efforts to have Denny Campbell's personal liability removed from the obligations of the corporation.
In his affidavit filed June 26, 2000, appellee states the following:
 5. That prior to the execution of said Agreement and with the Defendants' knowledge a loan was taken out by the Corporation with Farmers and Savings Bank.
 6. In addition, the Agreement required SSR, Inc. and Dan Parrott to use their best efforts to release me from all liabilities of the corporation.
 7. That as of the date of this Affidavit, SSR, Inc. and Dan Parrott have refused and/or failed to use their best efforts to release my liability from said loan.
 8. That I have been informed by the bank, that while Dan Parrott did `inquire,' he failed to follow through and provide the necessary financial information to the bank.
 9. The bank has continued to contact me and harass me into signing extensions on said loan because of the failure and/or refusal of Dan Parrott to use his best efforts.
In his affidavit filed May 31, 2000, appellant Parrott states the following at paragraph six: That subsequent to November 17, 1998, the bank required myself and Dennis Campbell to sign new loan papers evidencing our willingness to be personally responsible for this corporate loan, and both Dennis Campbell and I signed such documents.
Based upon our review of the competing affidavits, we find a genuine issue of material fact exists on this issue. Assignments of Error I and II are granted in part so far as against appellant Parrott on the breach involving paragraph two and on the full amount of the contract. The issue of the breach involving paragraph four is remanded to the trial court. Assignment of Error III is denied. Assignment of Error V is granted consistent with the granting of Assignments of Error I and II in part.
 IV
Appellant Parrott claims the trial court erred in dismissing his counterclaim. We disagree. Appellee's affidavit specifically denied the claims in the counterclaim. In response to appellee's motion and affidavit, appellant Parrott presented no evidentiary quality evidence to refute the affidavit. Cogswell v. Cardio Clinic of Stark County, Inc. (Oct. 21, 1991), Stark App. No. CA-8553, unreported, citing East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216. Therefore, we concur with the trial court in the dismissal of the counterclaim. Further, the counterclaim's causes of action are more appropriate for the underlying case of Yoder v. Parrott, Mount Vernon Municipal Court Case No. 99CVH333, and is governed by the doctrine of res judicata. Assignment of Error IV is denied.
The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.