CLARK *vs.* JONES and others, executors of Mason.

A condition in a lease for years, that upon the neglect of the lessee to pay rent, or upon any other failure to perform on his part, the lease shall *cease and determine, or become null and void,* does not render the lease absolutely void upon a default in performing the condition, but voidable only, at the election of the lessor; if he elect to waive the forfeiture, the lessee is bound as though no breach of the condition had occurred.

The rule is the same in respect to conditions in leases for lives. *Per* BRONSON, C. J

The principle is equally applicable where there is a surety bound with the lessee for the performance of the covenants on his part.

The plaintiffs' testator leased certain premises to R. for a term of years, at a rent of $3300 *per annum,* payable quarterly, the rent to be secured by the bond of the lessee with a sufficient surety in the sum of $3300, with a condition that the lease should *cease and determine* if the rent should be in arrear for thirty days after any day of payment; that upon such failure to pay rent, the bond should be forfeited, and the amount of $3300 should be paid, and be considered liquidated damages for the non-performance. A bond was executed, in compliance with the conditions of the lease, with the defendant as surety, conditioned that R. should pay the rent reserved during the continuance of the lease. Rent being in arrear, the lessor prosecuted the bond, assigning breaches for the non-payment of rent accruing prior to the commencement of the suit, and recovered judgment. On *scire facias* on this judgment setting forth these facts and assigning further breaches for the non-payment of rent falling due subsequent to the former suit, to which the defendant demurred; *held,* that the lessor having elected to waive the forfeiture by suing for the rent, the defendant could not set it up, and that the plaintiffs were entitled to judgment.

Clark *v.* Jones.

*It seems,* that if the lessor had claimed the forfeiture and brought ejectment for the first default, he might in a suit on the bond have recovered the amount stated as liquidated damages. *Per* Bronson, C. J.

Error to the superior court of the city of New-York. *Scire facias* in the court below by Jones and others, executors of John Mason, against Redmond and Clark. The suggestion of the writ was, that in October term, 1842, the plaintiffs, as executors of Mason, recovered a judgment in the superior court against *Redmond and Clark* for $3300 of debt, besides costs. The judgment was recovered on the bond of the defendants, Redmond and Clark, to Mason, dated 25th January, 1833, in the sum of $3300, with a recital that Mason had made a lease of certain premises to Redmond for the term of ten years from the first day of May then next, at the yearly rent of $3300, payable quarterly, on condition of the punctual payment of the rent to be secured by the bond of Redmond, in the sum of $3300, with a competent person as security; and it was by the lease covenanted and agreed that in case the rent due on any quarter day should remain unpaid for the space of thirty days, " that then and in that case the said lease should *cease and determine,* and the said bond for $3300 should be forfeited, and the amount of the said bond should be forthwith paid to the said John Mason, and should be considered as *liquidated damages* for the non-performance of the said lease;" and it was understood and agreed by the parties to the bond that the same was given in compliance with the conditions of the lease. After this recital, the condition of the bond was, that Redmond should pay the rent reserved during the continuance of the lease. The writ of *scire facias* further suggested, that the action in which the judgment was recovered was commenced June 23, 1842, and that the action was brought for breaches occurring prior to that day. The plaintiffs then assigned breaches for the non-payment of two quarters' rent, falling due subsequent to the commencement of the original action, to wit, on the first day of August, and the first day of November, 1842. Redmond suffered judgment on the *scire facias* to pass by default. Clark demurred, and the court below gave judgment for the plaintiffs. A writ of inquiry

of damages on the breaches newly assigned was issued and executed; and judgment was rendered that the plaintiffs have execution of the damages assessed, with costs. Clark brings error.

*J. W. Gerard,* for plaintiff in error. On the first default for thirty days in paying rent, the lease became absolutely void, and the plaintiffs were entitled to recover the whole amount of the bond, $3300, as liquidated damages. (1 *Saund.* 287, *c. note* 16; *Adams on Eject.* 270, 171; 1 *Bing.* 302; *Chit. on Cont.* 863, 867, 868; 17 *Wend.* 447; 4 *id.* 468; 13 *id.* 587.) Although the plaintiffs may not have recovered the whole sum of $3300 in the original action, that judgment is a bar to this proceeding. They cannot split up an entire sum or demand, and recover in several actions. (19 *Wend.* 207.)

*E. Sandford,* contra, cited 17 *Wend.* 447; 22 *id.* 201; 3 *Moore & Payne,* 587, 425; 6 *Barn..& Cress.* 216; 6 *Bing.* 141; 5 *Bing. N. C.* 390; *Chit. on Cont.* 864, *note (b.); Hurlstone on Bonds,* 31.)

*By the Court,* BRONSON, Ch. J. Where there is a condition in a lease that upon the neglect of the tenant to pay rent, or for some other default or improper conduct on his part, the lease shall *cease and determine,* or shall become *null and void,* the neglect to pay rent, or the like, does not render the lease absolutely void. It is void as to the estate and interest of the lessee, who has done the wrong. But as to the lessor, the lease is voidable only. He may dispense with the forfeiture, and affirm the continuance of the lease. A distinction in relation to the effect of the forfeiture was formerly taken between leases for lives, and those for terms of years. In the latter case it was said, that on breach of the condition the lease absolutely determined, and could not be again set up by the acceptance of rent, or any other act on the part of the lessor. (*Pennant's case,* 3 *Co.* 64; 1 *Saund.* 287, *b. c. note* 16; *and see Browning* v. *Beston, Plowd.* 131; *Chalker* v. *Chalker,* 1 *Conn. R.* 79; *Co.*

Clark *v.* Jones.

*Litt.* 215, *a.*; *Adams on Eject.* 196–7, *ed. of* '40.) But this doctrine no longer prevails. It is now held in relation to leases for years, as well as those for life, that the happening of the cause of forfeiture only renders the lease void as to the lessee. It may be affirmed by the lessor; and then the rights and obli-gations of both parties will continue without regard to the for-feiture. (*Rede* v. *Furr*, 6 *Maule & Selw.* 121; *Arnsby* v. *Woodward*, 6 *Barn. & Cress.* 519; *Doe* v. *Bancks*, 4 *Barn. & Ald.* 401 ; *Reid* v. *Parsons*, 2 *Chit. R.* 247 (*a*).) It is a far reaching principle of the common law, that a party shall not be allowed to take advantage of his own wrong; and courts will not so construe the contract as to enable the lessee to put an end to it at pleasure, by his own improper conduct. And it makes no difference that the defendant here is the surety of the lessee. (*Reid* v. *Parsons*, 2 *Chit. R.* 247.) A surety, like a principal debtor, must answer according to the legal interpreta-tion of his contract.

On the first default for thirty days in paying rent, the lessor might have elected to consider the lease at an end, and have brought ejectment to recover possession. And in that case he would probably have been entitled to the whole sum of $3300, men-tioned in the bond as "liquidated damages." Had he made such election, and then sued for a less sum than he was entitled to recover on the bond, the judgment would have been a bar to any further remedy. He could not split up one entire demand, and maintain a second suit, or suggestion, for a portion of it. (*Bendernagle* v. *Cocks*, 19 *Wend.* 207.) But the lessor elected to waive the forfeiture, and affirmed the continuance of the lease. He sued for nothing more than the rent in arrear; and the lessee continued to enjoy the property. As the lease has never *ceased* or *determined*, the title to "liquidated damages"

---

(*a*) The same principle has been repeatedly applied between vendor and vendee in construing articles for the sale of land. See *Canfield* v. *Westcott*, (5 *Cowen*, 270,) *and note* (*a*) *to that case.*

has never arise.., and nothing was lost by omitting to claim them in the original action.

As the lease was not terminated by the first default, the right to recover the subsequently accruing rent cannot be questioned.

Judgment affirmed.