EDEN REALTY CO., APPELLEE, *v.* WEATHER-SEAL, INC.,
APPELLANT*

(No. 4678—Decided February 6, 1957.)

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellee.

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellant.

DOYLE, J.   The questions which are decisive of this case arise out of a lease of real estate and a written guaranty of performance through the contract of a third party.

A judgment was recovered against the guarantor for the rent due and owing after default of the lessee up to and including the date of July 31, 1955.   This judgment for $2,054.25 was paid.   Subsequently, on December 31, 1955, a second suit

*Motion to certify record overruled, June 19, 1957.

was filed for five months of unpaid rent from August 1, 1955, through December 31, 1955. Recovery was had in this suit against the guarantor, and the judgment thereon entered forms the basis for this appeal on questions of law.

It is asserted by the appellant "that it was sued upon the guaranty contract to which it was a party, and that there can be but one breach of a guaranty contract where the lessee * * * can no longer perform, * * * and where the damages are absolute and definite at the time of filing suit. To allow successive suits for damages would be to allow a multiplicity of suits."

To these questions we now direct our attention.

The controlling facts may be briefly summarized as follows:

The Eden Realty Company, on December 22, 1948, leased certain premises on Vine Street, in Cincinnati, Ohio, to Weather-Seal of Cincinnati, Inc., for a period of ten years, at a rental of four hundred dollars a month.

A short time prior to the final execution of the lease, according to the dates appearing on the instruments, Weather-Seal, Inc. (located in Summit County), guaranteed that Weather-Seal of Cincinnati, Inc. (located in Hamilton County), would fully perform the promises in the lease, including the payment of rent.

On or about December 10, 1954, Weather-Seal of Cincinnati, Inc., was dissolved, and, in February of 1955, abandoned the leased premises and paid no rent under its lease from March 1, 1955, forward to the present time.

After the premises were abandoned by the lessee, the lessor, Eden Realty Company, made no effort to relet the premises; however, through the efforts of a real estate agency secured by the guarantor, the said guarantor, Weather-Seal, Inc., leased the premises with the knowledge of the original lessor, Eden Realty Company, to one Joseph Linder, d. b. a. Fiberglas-Evercoat Company, at a rental of two hundred and fifty dollars a month, "for a term of three (3) years and four (4) months (the unexpired term of the Eden Realty Company-Weather-Seal of Cincinnati, Inc., lease), with the terms and conditions being identical with the terms and conditions of the lease entered into

by and between Weather-Seal of Cincinnati, Inc., and the appellee, Eden Realty Company.''

As heretofore noted, the second suit (here under attack) was filed on December 31, 1955, for five months' rent claimed to be due under the original lease, ''less certain payments of rent received by * * * [the guarantor, Weather-Seal, Inc.], which were turned over to appellee [Eden Realty Company, original lessor] as received.''

The written guarantee appears as follows:

''Barberton, Ohio,
''November 26, 1948.

''In consideration of the execution and delivery of the within lease by the within-named lessor, Eden Realty Company, we hereby guarantee the prompt payment of the rent therein reserved and the full performance and observance of the covenants and agreements therein contained on the part of the lessee, Weather-Seal of Cincinnati, Inc., our wholly owned subsidiary, to be performed. This guaranty is absolute and unconditional.

''Demand and notice of nonpayment or nonperformance, diligence in collection and notice of acceptance of this guaranty, are hereby expressly waived.

''In Witness Whereof, the Weather-Seal, Inc., an Ohio corporation, by its corporate officers thereunto duly authorized by their board of directors, have hereunto set their hands and seal the day and year first above written.''

The instrument concludes with the signatures of the president and secretary of the corporation, two attesting witnesses, and a jurat.

While the dates appearing on the instruments are not the same, it would appear that the agreements were contemporaneous, although the respective dates of the written executions differ. It is obvious from the wording of the guaranty that this obligation must be classified as an absolute guaranty, as distinguished from a conditional guaranty. Not only does the guarantor specifically say so in the last sentence of the first paragraph, but other unambiguous language compels this conclusion beyond peradventure.

The guarantor, by its conduct in taking possession of the premises and renting them, placed its own construction on this guaranty.

We need here lay no stress on the consequences of the distinction, except to say that this absolute guarantee creates an unconditional undertaking on the part of the guarantor that it will perform the obligation immediately upon the debtor's default, and it is unnecessary to first pursue and exhaust the principal before proceeding against the guarantor.

See: 20 Ohio Jurisprudence, Guaranty, Section 11, and cases cited; Stearns Law of Suretyship (Fifth Ed.), Section 4.5.

When the original lessee, Weather-Seal of Cincinnati, Inc., failed to pay its rent, its lessor had the legal right to declare a forfeiture and to take possession, or it had the right to waive a forfeiture and look to its tenant, or to its tenant's absolute guarantor, for the rent. If a forfeiture had been declared by the lessor, the lease would of course have terminated, and at that time but one action for damages would have been allowed. In the instant case, however, the lessor at all times, by its conduct, recognized the tenancy as subsisting. It accepted no surrender of the lease, nor did it re-enter the premises. It declared no forfeiture. It looked only to its lessee or the guarantor for the payment of rent during the entire term.

Under such circumstances, can successive suits for rent, as it becomes due, be instituted against the absolute guarantor?

This court is of the opinion that they can be so instituted.

In 24 Ohio Jurisprudence, Landlord and Tenant, Section 372, appears the following text applicable to the right of a landlord to bring successive suits against his lessee:

"A recovery for an instalment of rent, that being all that was due at the time action was commenced, is not a bar to recovery for instalments subsequently becoming due upon the lease."

Supporting authorities: *Strangward* v. *American Brass Bedstead Co.*, 82 Ohio St., 121, 91 N. E., 988, et al.

The rule here stated applies even though there is a condition in the lease that, upon the neglect of the tenant to pay rent, the lease shall cease and determine, or shall become null and

void, or contains other language of the same import, because such condition does not render the lease absolutely void. It is void *at the option* of the *lessor* as to the estate and interest of the lessee who has breached the covenant, but as to the said *lessor*, the lease is voidable, and is void only if he so determines. He may dispense with the forfeiture and affirm the continuance of the lease.

It is a far-reaching principle of the law that "a party shall not be allowed to take advantage of his own wrong; and courts will not so construe the contract as to enable the lessee to put an end to it at pleasure, by his own improper conduct." *Clark* v. *Jones,* 1 Denio, 516, 43 Am. Dec., 706.

Having established a right in the landlord to have instituted continuous suits against the tenant, we proceed to discuss his right to institute such suits against the guarantor.

The guaranty set forth above contracts for "the prompt payment of the rent therein reserved and the full performance and observance of the covenants and agreements therein contained on the part of the lessee * * *."

This guaranty was an absolute and unequivocal undertaking that the lessee would pay the rent when due. It was an independent contract of the guarantor to pay the rent under the terms and conditions of the lease if the lessee did not. It was a contract to pay each installment of rent when it became due, and consequently, when the lessor waived the forfeiture, the continuing liability of the absolute guarantor of the lessee for subsequently accruing rents became absolute by the default of the lessee. The contract, broken by the nonpayment of rent, was the contract which was guaranteed, and the undertaking of the guarantor was as broad as that of its principal.

Reverting to appellant's claim of multiplicity of actions, we repeat that the lessor waived a forfeiture, as was his right, made no re-entry of the premises, and the property was released by the guarantor—not by the original lessor.

A rule of general application is well stated in 1 American Jurisprudence, Actions, Section 106, as follows:

"Where the performance of parties under a contract is several, or is divisible into separate and distinct acts, so that the contract is subject to separate and distinct breaches, in

other words, if a contract is divisible by its terms, it may give rise to more than one cause of action, and a judgment recovered for the breach of one separate and independent provision of it does not bar a subsequent suit for a distinct breach of a different condition. Thus, if one contracts to do several things at several times, an action lies upon every default, for although the agreement is entire, the performance is several and the contract is divisible in its nature.''

And see Ibid., Section 107.

''As a general rule it may be stated that a contract payable in instalments is divisible in its nature so that each default may be the subject of an independent action, provided it is brought before the next instalment becomes due. Thus recovery of a monthly instalment of rent under a lease for a term of years is not a bar to recovery for instalments subsequently becoming due. * * * Moreover, a party to a contract payable in instalments may, at his election, accept a total breach of the contract tendered by the other party, whereupon the whole claim becomes due, and he must bring an action to recover the entire amount.'' 1 Ohio Jurisprudence (2d), Actions, Section 74, and cases cited.

In the case under consideration, the guarantor's undertaking was to perform the obligation of the lessee immediately upon its default, and that obligation of the lessee was to perform the separate and distinct acts enjoined upon the lessee— i. e., the payment of rent in monthly installments.

While its contract of guaranty was entire, the performance was several, for ''the contract is divisible in its nature,'' and, from the standpoint of performance, the guarantor must stand in the shoes of its principal; and this is so even though the corporation principal had cancelled its charter and had become extinct.

We have been cited to the case of *Wrubel* v. *Muth*, 11 C. C., 559, 5 C. D., 173. We distinguish it from the instant case upon the facts.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.