DECISION AND JUDGMENT ENTRY
{¶ 1} Phillip V. Marzano, Sr. ("Marzano") appeals the decision of the Hocking County Court of Common Pleas granting Citizens Bank of Logan's motion for summary judgment. Marzano argues that the trial court improperly considered a supplemental memorandum filed by Citizens Bank after the scheduled, non-oral, summary judgment hearing, and that a genuine issue of material fact exists. Because we find that Citizen's Bank failed to meet its burden of demonstrating that no genuine issue of material fact exists and it is entitled to judgment as a matter of law, we sustain Marzano's second assignment of error and reverse the judgment of the trial court. Our resolution of Marzano's second assignment of error renders his first assignment of error moot. Accordingly, we do not address it. See 12(A)(1)(c).
 I. {¶ 2} On August 11, 2001, Marzano and Phillip Jr. (collectively "the Marzanos") borrowed $7,027.48 from Citizens Bank of Logan (the "joint loan"). At that time, they executed a promissory note, agreeing to make thirty-six payments of $237.18 per month, said payments being due on the twenty-fifth of each month beginning on September 25, 2001. Additionally, the Marzanos gave the bank a security interest in a 2000 Pontiac Sunfire, owned by Phillip Jr. The note the Marzanos executed states that "[t]he rights I am giving you in this Property and the obligations this agreement secures are defined on page 2 of this agreement." However, the record does not contain page two of the agreement.
 {¶ 3} On June 25, 2002, Marzano borrowed $5,842.01 from Citizens Bank (the "individual loan"). At that time, he executed a promissory note, agreeing to make thirty-six payments of $196.70 per month, said payments being due on the ninth of each month beginning on August 9, 2002. Additionally, Marzano gave the bank a security interest in his 1997 Honda Civic. The note Marzano executed states that "[t]he rights I am giving you in this Property and the obligations this agreement secures are defined on page 2 of this agreement." However, like the joint loan, the record does not contain page two of the individual loan agreement.
 {¶ 4} On November 10, 2003, Citizens Bank filed a complaint against the Marzanos in the Hocking County Court of Common Pleas alleging that the Marzanos were in default of the terms of both notes, and declaring the entire obligations due and payable. The bank sought a judgment in the amount of $2,459.75, plus interest at the rate of 12.75%, plus costs and fees upon the joint loan; a judgment of $3,811.46, plus interest at the rate of 13.48%, plus costs and fees upon the individual loan; and possession of the 1997 Honda Civic.
 {¶ 5} On December 9, 2003, Marzano filed a handwritten document, which we construe as his answer to Citizens Bank's complaint. In his answer, Marzano does not deny that he executed the promissory notes at issue, or that the loan payments had been delinquent in the past. Instead, he offers the explanation that both he and his son work long hours and are therefore not prompt in making their loan payments. He states that, as of the date of his answer, both loans were current, and both he and his son have authorized the bank to deduct the payments directly from their bank accounts so that future payments will be timely.
 {¶ 6} On December 18, 2003, Citizens Bank moved the court for summary judgment as to the elder Marzano. The trial court granted Citizens Bank summary judgment as to both of the Marzanos on February 17, 2004, and awarded the bank a judgment of $1,391.80 plus interest and costs against both of the Marzanos, and a judgment against the elder Marzano in the amount of $3,011.28 plus interest and costs.[2] Additionally, the trial court ordered the elder Marzano "to forthwith return to plaintiff the property of a 1997 Honda, should plaintiff request it."
 {¶ 7} Marzano appeals, raising the following assignments of error: "1[.] I submit that the Hocking Common Pleas Court allowed a[n] entry by Citizens Bank into the court record labeled, Supplemental Memorandum dated Feb. 10, 2004. This should not have allowed (sic) for the fact that it was entered by Atty. Lewis four days after the set court date of Feb. 06, 2004. I was told by the Hocking County Clerk of Courts that I could not submit any entries after that court date. When I asked why Atty. Lewis was allowed to submit one four days late I was told that Judge Gerken would review the entry and determine whether to allow it into the court record. I feel that was it (sic) unfair for Judge Gerken to review this entry without, me having the opportunity for rebuttal. I also asked if there was a motion entered, asking the court to allow this late entry and I was told that none was submitted. Judge Gerken[']s final decision was made in favor of Citizen[s] Bank after reviewing this final entry submitted four days late. 2[.] I feel that the court should have requested more written documentation proving Citizen[s]
 {¶ 8} Bank[']s contention that I was not willing to repay my loans and refused to do so. The court entries submitted by me show the contrary. These documents will show some late payments, but will also show that the original balance on one loan of approx. $7,000., (sic) which has a present balance of approx. $200. On this loan[,] I am a co-signer with my son Phillip Jr. which will probably be paid in full before the court will see this brief. The other loan had a[n] original balance of approx. $5,420. [I]t now has a balance of approx. $2,000. (sic) and has sufficient collateral of a 1997 Honda Civic. I feel this shows my willingness to repay these debts and surely shows no refusal to repay them as Citizen[s] Bank contended in their Summons and Summary Judgment against me. The only written proof that Citizens Bank continually refers to as substantial is the Affidavit by Mr. Bond where he claims 80 telephone calls with no written proof. This claim was also repeatedly denied by me in the court record."
 II. {¶ 9} As a preliminary matter, we note that Marzano failed to separately brief and argue each of his assignments of error as required by App.R. 16(A)(7). App.R. 12(A)(2) permits us to disregard any assignment of error that an appellant fails to separately argue. However, in the interest of justice, we shall attempt to address the merits of Marzano's arguments that the trial court improperly granted Citizens Bank's motion for summary judgment.
 {¶ 10} Summary judgment is appropriate when the court finds that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411. We independently review the record to determine whether summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision. Morehead at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
 {¶ 11} The moving party bears the initial burden of showing that no genuine issue of material fact exists. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler
(1988) 38 Ohio St.3d 112, 115. The moving party bears this burden even for issues for which the nonmoving party may bear the burden of proof at trial. Id. The movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C), including "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any * * *" to demonstrate that there are no genuine issues of material fact concerning an essential element of the non-moving party's case. Civ. R. 56(C); Dresher at 292-293. In order for the court to grant summary judgment, the evidentiary materials must affirmatively demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Id. at 293. The court must deny the motion for summary judgment if the moving party fails to satisfy this initial burden. Id.
 {¶ 12} Here, we summarize Marzano's assignments of error as follows: The trial court improperly granted summary judgment to Citizens Bank. Specifically, Marzano argues that: (1) the trial court improperly considered a supplemental memorandum submitted by Citizens Bank four days after the scheduled, non-oral hearing upon the bank's summary judgment motion; and (2) summary judgment was inappropriate because he introduced evidence below which tended to demonstrate that he and his son brought both loans current before the court ruled upon Citizen's Bank's motion for summary judgment. Thus, in essence, Marzano contends that a genuine issue of material fact exists as to whether he was in default of his loan agreements. We agree that the trial court erred in granting summary judgment to Citizens Bank, because Citizens Bank failed to meet its burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.
 {¶ 13} In its motion for summary judgment, Citizens Bank contends that Marzano admits that he signed the notes in question, that Marzano does not dispute the amounts requested, and that the bank has made repeated phone calls to both Marzano and Phillip Jr. in an effort to get them to bring the loans current. In support of its motion, Citizens Bank attached the affidavit of Gary Bond, wherein he stated, in relevant part, that: (1) he is an officer of the bank; (2) he is the collections supervisor for the bank and has knowledge of the loans at issue; (3) the current balance of the individual loan is $3,496.39 and the current balance of the joint loan is $2,164.54; (4) the loans are currently in default; (5) the bank called the Marzanos eighty times attempting to get them to bring the joint loan current; and (6) the bank called Marzano fourteen times attempting to get him to bring the individual loan current.
 {¶ 14} The only evidence Citizens Bank submitted to prove that the Marzanos' loans were in default was Mr. Bond's affidavit. However, with regard to the default, Mr. Bond only avers that "the loans are currently in default" without offering any facts to support his conclusory statement. "Affidavits submitted in a summary judgment exercise must contain more than conclusory statements. Affidavits must also contain a recitation of the operative facts which give rise to such a conclusory statement." Burkeholder v. Straughn (June 26, 1998), Trumbull App. No. 97-T-0146, at 4. Here, Citizen's Bank offered no facts regarding the nature of the default in either its complaint or Mr. Bond's affidavit. The bank relies upon Marzano's answer, wherein he states that both he and his son have made some late payments in the past, but that as of the date of his answer the loans are current.
 {¶ 15} Additionally, Mr. Bond averred that the loan documents attached to his affidavit and the complaint are true copies of the loans from Citizens Bank to the Marzanos. However, our review of the record reveals that Citizens Bank only submitted the first page of each loan. Notably, the portions of the loan documents in the record do not specify any rights the bank may have upon default, other than the bank's right to collect a late charge if a payment is more than ten days late.
 {¶ 16} The general rule regarding loans repayable in installments is that each default in payment may give rise to a separate cause of action. Humitsch v. Collier (Dec. 29, 2000), Lake App. No. 99-L-099, at 3, citing Eden Realty Co. v. WeatherSeal, Inc. (1957), 102 Ohio App. 219, 224. Further, a recovery for the monthly installments due at the time the action is commenced will not bar recovery for installments that subsequently come due. General Dev. Corp. v. Wilber RogersAtlanta Corp. (1971), 28 Ohio App.2d 35, 37. Thus, a breach of an installment contract by non-payment does not constitute a breach of the entire contract. The parties to the note may avoid the operation of this rule by including an acceleration clause in the agreement. Humitsch at 3, citing Buckeye Fed. S L Assn.v. Olentangy Motel (Aug. 22, 1991), Franklin App. No. 90-AP-1409. An acceleration clause "* * * requires the maker, drawer or other obligor to pay part or all of the balance sooner than the date or dates specified for payment upon the occurrence of some event or circumstance described in the contract * * * [,]" such as a default by nonpayment. Black's Law Dictionary (7th Ed. Rev. 1999) 12.
 {¶ 17} Each loan document in the record reflects that it is "page 1 of 2". While page two of each document may contain an acceleration clause permitting Citizens Bank to declare the entire outstanding loan balances due and payable upon the Marzanos' breach, that clause is conspicuously absent from the record before this court. A court cannot imply an acceleration clause in a promissory note when the promisee has not proven that one exists. Market Control Systems, Inc. v. Vertucci (Apr. 8, 1992), Summit App. No. 15290, at 2. Furthermore, the individual loan specifically states that Citizens Bank's rights to the 1997 Honda Civic are defined on the missing page two of the agreement. Therefore, even if we were to assume, arguendo, that Citizens Bank introduced evidence sufficient to meet its burden of demonstrating that no genuine issue of material fact exists, the Citizens Bank failed to prove that it is entitled to judgment as a matter of law.
 {¶ 18} Here, Citizens Bank has failed to submit the entire loan agreement to the court, and, consequently, failed to demonstrate that it is entitled to judgment as a matter of law. Accordingly, we sustain Marzano's second assignment of error, reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion. Our resolution of Marzano's second assignment of error renders his first assignment of error moot. Accordingly, we do not address it here. See App.R. 12(A)(1)(c).
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J., Concur in Judgment Only.
[2] We conclude that the trial court's judgment is a final appealable order because it adjudicates all of Citizens Bank's claims against both of the Marzanos. However, because Phillip Jr. has failed to appeal, we do not reach the issue of whether the trial court properly granted summary judgment against him.