KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I concur in the judgment and agree with the majority that Ken Demsey’s claims are barred by res judicata. It is undisputed that Ken Demsey previously filed and then voluntarily dismissed two state-court actions against Nancy Demsey, the sole de *9 fendant in the present action. See R. 18-3 (Demsey I, CV-06-602999, Journal Entry 7/10/2007); R. 18-6 (Demsey II, No. CV-07-641553, Journal Entry 5/27/2008). The voluntary dismissal of the second suit constitutes an adjudication on the merits pursuant to Ohio Rule of Civil Procedure 41(A)(1) and therefore carries preclusive effect in federal court. Olynyk v. Scoles, 114 Ohio St.3d 56, 868 N.E.2d 254, 256, 258-59 (2007) (recognizing that while the federal and Ohio double-dismissal rules “are not identical” they do “share many common features” and are “similar enough that cases interpreting the federal two-dismissal rule are fully relevant” to interpreting Ohio’s double-dismissal rule); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2368 (3d ed. 2010) (“[I]f the state has a rule comparable to [Federal] Rule [of Civil Procedure] 41(a)(1), the dismissal in state court would be an adjudication on the merits in the state court by virtue of the state rule and would bar, as would any adjudication on the merits, a new suit in a federal court.”).
The present suit arises from the same events at issue in the prior state-court suits — namely, the arrest and criminal prosecution of Ken Demsey resulting from statements made by Nancy Demsey to the police. See Microvote Corp. v. Casey, No. 94-3890, 1995 WL 364170, at *2 (6th Cir. June 16, 1995) (unpublished opinion) (stating that res judicata bars subsequent claims where “it is clear that the same set of facts” at issue in the prior suits “is necessary to sustain” the claims presently asserted). Therefore, under Ohio preclusion law, Ken Demsey is barred from litigating his present claims in federal court. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (“[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.”); U.S. Bank Nat’l Ass’n v. Gullotta, 120 Ohio St.3d 399, 899 N.E.2d 987, 991 (2008) (holding res judicata barred subsequent complaint premised on same note and mortgage). The fact that Ken Demsey asserts 42 U.S.C. § 1983 claims not previously raised in state court does not alter this result. Migra, 465 U.S. at 83-85, 104 S.Ct. 892; Anderson-Keri v. Detroit Bd. of Educ., No. 99-1083, 1999 WL 1206867, at *2 (6th Cir. Dec. 9, 1999) (unpublished opinion) (Res judicata “applies to civil rights actions under 42 U.S.C. § 1983 with respect to issues actually litigated in the state courts ... as well as those issues that were not raised but could have been litigated in the state court proceeding.”). Accordingly, the complaint is properly dismissed.