[Cite as *U.S. Bank, N.A. v. Gullotta*, 2011-Ohio-2235.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2010CA00181 |
| GIUSEPPE GULLOTTA, ET AL. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2009CV02397

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     May 9, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

<table>
<tr><td>SCOTT A. KING</td><td>TIMOTHY D. MCKINZIE</td></tr>
<tr><td>TERRY W. POSEY, JR.</td><td>KERRY G. FULTON</td></tr>
<tr><td>Thompson Hine LLP</td><td>McKinzie and Associates</td></tr>
<tr><td>2000 Courthouse Plaza, N.E.</td><td>529 White Pond Drive</td></tr>
<tr><td>P.O. Box 8801</td><td>Adron, Ohio 44320-1123</td></tr>
<tr><td>Dayton, Ohio 45404-8801</td><td></td></tr>
</table>

*Hoffman, J.*

{¶1} Defendant-appellant Giuseppe Gullotta appeals the June 11, 2011 Judgment Entry of the Stark County Court of Common Pleas entering summary judgment in favor of Plaintiff-appellee U.S. Bank, N.A.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 18, 2003, Appellant executed an adjustable rate note ("Note") in the amount of $164,900.00 payable to MILA, Inc. The same day, to secure payment of the Note, Appellant executed a mortgage ("Mortgage") granting MILA a security interest in the property located at 218 Bonnett Street, S.W., North Canton, Ohio 44720. MILA subsequently assigned the Note and Mortgage to U.S. Bank.

{¶3} Appellant failed to make payments when due, and defaulted under the terms of the Note and Mortgage. On November 1, 2003, U.S. Bank declared the promissory note in default, accelerating payment due. On April 9, 2004, U.S. Bank filed a complaint against Appellant seeking judgment for the full balance of $164,390.91 due on the Note, plus interest at the rate of 7.35 percent per annum from and after November 1, 2003, and foreclosure of the Mortgage and a sheriff's sale of the property ("First Lawsuit"). On June 8, 2004, U.S. Bank voluntarily dismissed the First Lawsuit in its entirety pursuant to Civil Rule 41(A).

{¶4} Appellant did not make any payments after June 8, 2004. Accordingly, U.S. Bank filed a second complaint against Appellant on September 9, 2004, seeking judgment for the full balance of $164,390.91, plus interest at the rate of 7.35 percent per annum from and after December 1, 2003, and foreclosure of the Mortgage and a

sheriff's sale of the property ("Second Lawsuit"). On March 15, 2005, U.S. Bank dismissed the Second Lawsuit in its entirety pursuant to Civil Rule 41(A).

{¶5} Appellant again did not make payments after March 15, 2005, or otherwise cure the default. On October 26, 2005, U.S. Bank filed a third complaint against Appellant seeking judgment for the full balance of $164,390.91, plus interest at the rate of 7.35 percent per annum from and after November 1, 2003, and foreclosure of the Mortgage and a sheriff's sale of the property ("Third Lawsuit").

{¶6} Appellant moved for summary judgment arguing the third foreclosure action was barred by the doctrine of res judicata pursuant to Civil Rule 41(A), as the second dismissal constituted an adjudication on the merits. The trial court denied Appellant's motion for summary judgment, and entered summary judgment in favor of U.S. Bank.

{¶7} On appeal, this Court affirmed the trial court's holding finding res judicata did not bar U.S. Bank's third foreclosure action as the complaint in the third foreclosure action complaint covered different dates of default and months not litigated in the first two complaints. *U.S. National Bank Assn. v. Gullotta* (April 30, 2007) Stark App. No. 2006CA00145.

{¶8} The Ohio Supreme Court later reversed the judgment of this Court, holding res judicata barred U.S. Bank's third foreclosure complaint. *U.S. National Bank Assn. v. Gullotta*, 120 Ohio St. 3d 399, 2008-Ohio-6268. The Court held each missed payment under the Note and Mortgage did not give rise to a new claim, and the Civil Rule 41(A) two dismissal rule applied. Id.

{¶9} U.S. Bank then filed the instant fourth cause of action against Appellant for damages in the amount of $164,390.91 plus interest from November 1, 2003, and foreclosure of the mortgage. Appellant filed a counterclaim to quiet title and for attorney fees pursuant to the frivolous filing statute. On October 16, 2009, U.S. Bank dismissed its claims for payment on the note and for foreclosure on the mortgage. Accordingly, the case proceeded only as to Appellant's claims for quiet title and for attorney fees. Appellant claimed all of U.S. Bank's interest in the premises was barred by the doctrine of res judicata as decided by other court opinions. Appellant maintains U.S. Bank has no remaining interest in the premises at issue; therefore, Appellant is entitled to quiet title in the premises.

{¶10} The matter proceeded upon motions for summary judgment filed by each party.

{¶11} The trial court granted summary judgment in favor of U.S. Bank and denied Appellant's motion for summary judgment.

{¶12} On appeal, Appellant assigns as error:

{¶13} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE U.S. BANK ON DEFENDANT-APPELLANT GULLOTTA'S CLAIM FOR QUIET TITLE WHERE A PRIOR ADJUDICATION EXTINGUISHED ALL RIGHTS OF PLAINTIFF-APPELLEE U.S. BANK TO MAKE ANY CLAIM AGAINST DEFENDANT-APPELLANT GULLOTTA FOR PAYMENT UNDER A NOTE AND MORTGAGE AND EXTINGUISHED ALL INTEREST OF PLAINTIFF-APPELLEE U.S. BANK IN DEFENDANT-APPELLANT GULLOTTA'S PREMISES.

**{¶14}** "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DENYING SUMMARY JUDGMENT TO DEFENDANT-APPELLANT GULLOTTA ON HIS CLAIM FOR QUIET TITLE WHERE A PRIOR ADJUDICATION EXTINGUISHED ALL RIGHTS OF PLAINTIFF-APPELLEE U.S. BANK TO MAKE ANY CLAIM AGAINST DEFENDANT-APPELLANT GULLOTTA FOR PAYMENT UNDER A NOTE AND MORTGAGE AND EXTINGUISHED ALL INTEREST OF PLAINTIFF-APPELLEE U.S. BANK IN DEFENDANT-APPELLANT GULLOTTA'S PREMISES."

I, II.

**{¶15}** Both assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶16}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ.R. 56(C), which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor ."

**{¶17}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

**{¶18}** In reversing this Court's prior opinion, the Ohio Supreme Court held in *U.S. National Bank Assn. v. Gullotta,* 120 Ohio St.3d 399 2008-Ohio-6268, in relevant part:

**{¶19}** "Do the claims here arise from a common nucleus of operative facts? U.S. Bank argues that its third bite at the apple is different from its first two because in its amended complaint, it sought interest only from April 1, 2005. However, all of the claims in all of the complaints filed by U.S. Bank against *Gullotta* arise from the same note, the same mortgage, and the same default. The note and mortgage have not been amended in any way. From the time of Gullotta's original breach, he has owed the entire amount of the principal. The amended third complaint alleged the same amount of principal due as the other two complaints.

{¶20} "The key here is that the whole note became due upon Gullotta's breach, not just the installment he missed. There is a distinction between an action for recovery of installment payments under an installment note where the entire principal is accelerated, and an action to recover for nonpayment under an installment note where only the amount of the principal to date, and no future amount, is sought. The general rule that each missed payment in an installment loan gives rise to a separate cause of action does not hold true when there is an acceleration clause in the loan agreement:***

{¶21} "By agreeing to an acceleration clause, the parties in this case have avoided the operation of the general rule that nonpayment on an installment loan does not constitute a breach of the entire contract. In a contract with an acceleration clause, a breach constitutes a breach of the entire contract. Once Gullotta defaulted and U.S. Bank invoked the acceleration clause of the note, the contract became indivisible. The obligations to pay each installment merged into one obligation to pay the entire balance on the note." Id at paragraphs 28-29, 31.

{¶22} The Ohio Supreme Court, in *Gullotta,* further noted that although U.S. Bank's complaint had changed, the operative fact remained the same and U.S. Bank could not save its claims from the two-dismissal rule simply by changing the relief sought in its complaint. Id.[1]

{¶23} In the case sub judice, U.S. Bank's fourth cause of action arose from the same note, the same mortgage and the same default. From the time of Appellant's original default, the entire principal became due as a result of the acceleration clause in the note. The terms of the note and/or mortgage were never changed. As the Supreme

---

[1] The Two Dismissal Rule is found at Ohio Civil Rule 41(A).

Court's held in *Gullotta*, from the time of Appellant's original breach, Appellant owed the entire amount of the principal because of the acceleration clause.

**{¶24}** Based on the foregoing, we find the two-dismissal rule of Civ.R. 41(A) applies and res judicata barred U.S. Bank's complaint in this case. We find the practical effect of the same precludes U.S. Bank from pursuing any further action on the note. Because the mortgage draws its essence from the note, we find it unenforceable. We find the trial court erred in not granting Appellant's motion for summary judgment to quiet title.[2]

**{¶25}** Appellant's two assignments of error are sustained.

**{¶26}** The judgment of the Stark County Court of Common Pleas is reversed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

---

[2] Appellant has not appealed the trial court's denial of attorney fees for alleged frivolous conduct.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

U.S. BANK, N.A., AS TRUSTEE                     :
                                               :
    Plaintiff-Appellee                          :
                                               :
-vs-                                           :               JUDGMENT ENTRY
                                               :
GIUSEPPE GULLOTTA, ET AL.                       :
                                               :
    Defendant-Appellant                         :               Case No. 2010CA00181

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to that court to enter judgment in accordance with our Opinion and the law.  Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY