[Cite as *Note Portfolio Advisor, L.L.C. v. Wilson*, 2012-Ohio-2199.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97326**

# NOTE PORTFOLIO ADVISORS LLC

PLAINTIFF-APPELLANT

vs.

# ADRIENNE M. WILSON, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-743325

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEYS FOR APPELLANT**

Jason A. Whitacre
Ted A. Humbert
Laura C. Infante
Law Offices of John D. Clunk Co., L.P.A.
4500 Courthouse Blvd., Suite 400
Stow, OH   44224


**ATTORNEY FOR APPELLEES**

Kenneth J. Freeman
Kenneth J. Freeman Co., L.P.A.
515 Leader Building
526 Superior Avenue
Cleveland, OH   44114-1903

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Note Portfolio Advisors, LLC, appeals the decision of the Cuyahoga County Court of Common Pleas that dismissed the case with prejudice. For the reasons stated herein, we affirm.

{¶2} Appellant filed a foreclosure action against defendant-appellee, Adrienne M. Wilson, on December 10, 2010.[1] The complaint alleges that appellant is the owner and holder of a promissory note on which Wilson had defaulted in payment. Appellant claimed there remained an unpaid balance of $97,015.95 plus interest at the rate of 7.75 percent per annum from May 1, 2006, and sought judgment in said amount. Wilson filed an answer that generally denied the allegations in the complaint.

{¶3} The note was executed on December 29, 2003, in favor of Homecomings Financial Services Network, Inc. The mortgage was executed the same date in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial, Inc. After several transfers, the mortgage eventually was assigned to appellant on November 17, 2009.

{¶4} On April 29, 2011, appellant filed a motion for summary judgment. In opposing the motion, Wilson argued that a previous foreclosure action involving the same

---

[1] The complaint also named the following as defendants: John Doe, unknown spouse, if any, of Adrienne M. Wilson; Arrow Financial Services, LLC, and Golderberg Companies, Inc. Appellant obtained a default judgment against the John Doe defendant and Arrow Financial Services, LLC.

property and the same note and mortgage had been dismissed with prejudice. That action had been brought by JPMorgan Chase Bank, a previous holder of the note and mortgage. The dismissal entry indicated that the matter was resolved and the plaintiff had charged off the loan. *JPMorgan Chase Bank v. Wilson*, Cuyahoga C.P. No. CV-619131 (Apr. 10, 2008). It was the second foreclosure action filed by JPMorgan Chase Bank, the first having been dismissed without prejudice. *JPMorgan Chase Bank v. Wilson*, Cuyahoga C.P. No. CV-600397 (Apr. 2, 2007). Within her response brief, Wilson requested that the trial court dismiss the present action.

**{¶5}** On August 19, 2011, the trial court denied the motion for summary judgment as moot and dismissed the case with prejudice. The trial court found the previous action was brought by appellant's predecessor-in-interest, involved the same instruments, alleged the same default date, and alleged nearly the same unpaid principal balance. The court determined that the claims raised in this action were barred by res judicata and that the court lacked jurisdiction to further consider the complaint.[2]

**{¶6}** Appellant filed this appeal, raising the following assignment of error for our review: "The trial court erred as a matter of law by dismissing the case with prejudice and without notice to the dismissed party and by dismissing the case based upon a Civ.R. 8(C) affirmative defense that the appellee failed to raise."

---

[2] We note that this was not a dismissal for lack of subject matter jurisdiction as preferred by Wilson.

{¶7} Ohio courts have recognized that a defendant may raise the affirmative defense of res judicata for the first time on summary judgment. *See Hillman v. Edwards*, 10th Dist. No. 10AP-950, 2011-Ohio-2677, ¶ 18-19; *E.B.P., Inc. v. 623 W. St. Clair Ave., LLC*, 8th Dist. No. 93587, 2010-Ohio-4005, ¶ 29; *Thayer v. Diver*, 6th Dist. No. L-07-1415, 2009-Ohio-2053, ¶ 34. Although Wilson did not raise res judicata in her answer, the affirmative defense was set forth in her response to summary judgment. As such, it was not waived.

{¶8} Nonetheless, appellant argues that it was the only party to file a dispositive motion and that the trial court failed to provide notice of the court's intent to dismiss the action. We find no merit to this argument.

{¶9} Once a party files a motion for summary judgment, a trial court may sua sponte grant summary judgment for a nonmoving party if (1) all relevant evidence is before the court, (2) no genuine issue of material fact exists, and (3) the nonmoving party is entitled to judgment as a matter of law. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 16-17; *Columbus v. Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 11; *see also State ex rel. J.J. Detweiler Ents., Inc. v. Warner*, 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482, ¶ 13. As explained in *Todd* at ¶ 17,

> The reason for this exception is that the parties have had an opportunity to submit all evidence to the court, and the parties have notice that the court is considering summary judgment. As a result, neither party's due process rights are violated.

In reviewing an award of summary judgment to a nonmoving party, we apply a de novo standard of review. *Bahgat* at ¶ 12.

{¶10} In this case, appellant filed a motion for summary judgment with the trial court. Appellant submitted the relevant instruments and an affidavit establishing Wilson's default and the unpaid principal balance from May 1, 2006. Wilson responded with the argument that the action was barred by res judicata and requested a dismissal of the claims. Thus, appellant was on notice of Wilson's defense. Wilson submitted documents evincing the prior foreclosure actions brought by JPMorgan Chase Bank against Wilson on the same mortgage and note and the same alleged default. The first action was dismissed without prejudice; the second was dismissed with prejudice in a journal entry reflecting that the parties had resolved the matter and the plaintiff had charged off the loan. Appellant did not file a reply brief or otherwise dispute that res judicata applied to the action.

{¶11} Summary judgment has been found appropriate where a successive foreclosure action is barred by res judicata because it arises from the same note and mortgage and same default as a prior action that was dismissed upon the merits. *See U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987; *U.S. Bank, N.A. v. Gullotta*, 5th Dist. No. 2010CA00181, 2011-Ohio-2235; *see also Gordon v. Figetakis*, 9th Dist. No. 22589, 2005-Ohio-5181. Further, it has been recognized that res judicata applies where there is privity between the parties to the cases and that an assignee of an interest in a promissory note and mortgage is in privity with its assignor for

purposes of res judicata. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 20 (9th Dist.).

{¶12} The record herein reflects that all relevant documents were before the court, no genuine issue of material fact existed, and Wilson was entitled to judgment as a matter of law. Although the trial court indicated that it was dismissing the action, rather than granting summary judgment to the nonmoving party, the matter was effectively presented and treated as a summary judgment matter. Thus, any error in this regard was harmless. *See EMC Mtge. Corp.* at ¶ 11-12. Further, even if the trial court stated the wrong basis for its decision, we have the authority to affirm the judgment if it is legally correct on other grounds. *See Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). Accordingly, we overrule appellant's sole assignment of error.

{¶13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and

KATHLEEN ANN KEOUGH, J., CONCUR